IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

D.W.,                                        :
                                             :
                Plaintiff,                   :
                                             :
        VS.                                  :
                                             :          **7 : 22-CV-80 (TQL)**
COMMISSIONER OF SOCIAL SECURITY,             :
                                             :
                Defendant.                   :
_____

# ORDER

The above-styled Social Security appeal is presently before the Court on Plaintiff's

unopposed Application for Attorney's Fees. (Doc. 20). On February 3, 2023, the Court entered

an Order reversing the Commissioner's decision in this matter and remanding it to the

administrative level for further proceedings. (Doc. 17). The Plaintiff has filed an Application for

Attorney's Fees pursuant to 28 U.S.C. § 2412(d), a provision of the Equal Access to Justice Act.

(Doc. 20). Plaintiff's attorney seeks an award of attorney's fees in the amount of $ 4,037.24. The

Commissioner has no objection to this Petition for Attorney's Fees.  (Doc. 21).

DISCUSSION

The Equal Access to Justice Act ("EAJA"), as codified at 28 U.S.C. § 2412(d)(1)(A),

provides that "a court shall award to a prevailing party other than the United States fees and other

expenses, . . . incurred by that party in any civil action .. . brought by or against the United States

in any court having jurisdiction of that action, unless the court finds that the position of the

United States was substantially justified or that special circumstances make an award unjust."

Under the EAJA, attorney fee awards are calculated by multiplying the number of hours

reasonably expended by the reasonable hourly rate for the attorney's services. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living justifies a higher rate." § 2412(d)(2)(A)(ii); *United States v. Aisenberg*, 358 F.3d 1327, 1342 (11th Cir. 2004).

In this case, the Commissioner does not challenge the amount of fees sought, Plaintiff's status as the prevailing party, or the justification for an award of attorney's fees. The Commissioner does not oppose Plaintiff's request for fees, and the Court concludes that attorney's fees in the amount of $ 4,037.24 are reasonable and based on a reasonable rate.

Accordingly, Plaintiff's Application for Attorney's Fees, seeking total fees in the amount of $ 4,037.24 is **GRANTED**, with payment to be made to Plaintiff. (Doc. 20).

**SO ORDERED**, this 25th day of April, 2023.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE