IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| D.K.W., | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:22-cv-80 (ALS) |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
|     Defendant. | : | |

**ORDER**

Before the Court is Plaintiff's Motion for Attorney fees under 42 U.S.C. § 406(b). (Doc. 25). In support thereof, Plaintiff attaches an Attorney Timesheet. (Doc. 25-3). Counsel seeks attorney fees for 17 hours of time. (Doc. 25-1, at 14). Page 2 of the Timesheet is a chart titled "Computation of Time Spent" with various dates and hours totaling 17 hours. (Doc. 25-3, at 2). However, none of those dates and hours are reflected in the "Itemized Report" which follows the "Computation of Time Spent" chart. *Compare* Doc. 25-3, at 2, *with* Doc. 25-3, at 3-8. More confusingly, in what appears to be a summary of the Itemized Report, 17 hours are listed for "Attorney Time at FDC Level[,]" (Doc. 25-3, at 8), which the Court presumes to mean 17 hours spent before the Federal District Court, but as the Court already noted, none of the 17 hours for time before the Court are listed in the Itemized Report. Accordingly, counsel for Plaintiff is **ORDERED** to file a supplement no longer than three (3) pages explaining to the Court how to interpret the discrepancies between the 17 hours reflected on the document titled Computation of Time Spent and the Itemized Report, which does not reflect the same 17 hours, **within seven (7) days** of the date of this Order. Given the lapse in appropriations and the current federal government shutdown, the Court will reserve the Commissioner's right to file a response until after appropriations have been made.

    **SO ORDERED**, this 7th day of October, 2025.

                                                          s/ **ALFREDA L. SHEPPARD**
                                                          UNITED STATES MAGISTRATE JUDGE